UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BROOK MANCINELLI,

Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,

Defendant.

Case No. 25-cv-08246-JST

**ORDER DENYING MOTION TO REMAND**

Re: ECF No. 13

Before the Court is Plaintiff Brook Mancinelli's motion to remand.  ECF No. 13.  The Court will deny the motion.

I.      BACKGROUND

Mancinelli, individually and on behalf of a putative class, brings this action against Defendant Marriott International, Inc. ("Marriott") for allegedly misleading pricing practices. ECF No. 1-2 ¶ 1.  He alleges that California residents who used their Marriott Bonvoy points to book hotel accommodations are initially shown one total hotel cost that does not include a "resort" or "destination" fee at the beginning of the reservation process.  *Id.* ¶ 4.  Only at the end of the booking process, "after a consumer has invested time, effort and cognitive energy in the buying process," is the customer shown the mandatory resort fee, a practice Mancinelli calls "drip pricing."  *Id*. ¶ 4–5.  "Marriot thus creates a misleading impression that loyalty members can complete their reservation using points alone, without paying additional charges."  *Id.* ¶ 7. Mancinelli alleges that this practice violates California's Honest Pricing Law.  *Id.* ¶¶ 6, 8, 38.  He asserts claims for violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq.*; and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*  He seeks restitution, disgorgement, injunctive relief, and attorney's fees.

United States District Court
Northern District of California

Mancinelli filed his complaint in Contra Costa County Superior Court on August 25, 2025. Marriott removed the case to this Court on September 26, 2025. ECF No. 1. Mancinelli moved to remand the case on October 9, 2025. ECF No. 13. Marriott filed an opposition on October 29, 2025, attaching certain declarations, ECF Nos. 20, 20-3, which Mancinelli moved to exclude, ECF No. 26 at 10. After further motion practice, Marriott was permitted to file two additional declarations, and Mancinelli was permitted to file a surreply, ECF No. 37, which he did on March 2, 2026, ECF No. 40.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state to federal court if the federal court has subject matter jurisdiction over the case. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); see 28 U.S.C. § 1441. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), "gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 at 84–85 (2014) (citing § 1332(d)(2), (5)(B)). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation modified). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (holding that the that the amount in controversy includes all amounts "'at stake' in the litigation, whatever the likelihood that [the plaintiff] will actually recover them").

In a CAFA case, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. If, however, "a defendant's assertion of the amount in controversy is challenged," then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 82). The parties may rely on "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). CAFA thus requires a court to determine the amount in controversy based on "consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198. Accordingly, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal[] court jurisdiction." *Ibarra*, 775 F.3d at 1199.

### III.    DISCUSSION

Mancinelli moves to remand this action to state court, arguing that Marriott has failed to establish federal jurisdiction under either 28 U.S.C. §§1332(a) or 1332(d). Mancinelli does not dispute that the proposed class has more than 100 members and that the parties are minimally diverse. *Dart Cherokee*, 574 U.S. at 84. He argues, however, that Marriott has not shown that the amount in controversy exceeds $5,000,000. ECF No. 13 at 6.

In estimating the amount in controversy, the Ninth Circuit directs the parties to include the amount of damages at issue, as well as attorney's fees through the date of judgment if the underlying statute authorizes an award of attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).

Mancinelli first argues that Marriott's statement in its notice of removal that the amount in

controversy exceeds $5,000,000 is "offered without any data, periodization, transaction counts, fee amounts, or calculations." ECF No. 13 at 6. Mancinelli misunderstands the burden on a removing defendant. A notice of removal need only "contain[] a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 84. Only upon challenge by the plaintiff of the amount in controversy must "the defendant [] show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Lopez v. Advanced Drainage Sys., Inc.*, 777 F.Supp.3d 1100, 1104 (N.D. Cal. 2025). Thus, there is no defect in the notice of removal.

In opposition to the motion for remand, Marriott submits the declaration of Luis Foster, Senior Manager of Business Analytics, who calculates that from July 1, 2024 to August 27, 2025, there were 288,019 reservations for a stay at a U.S. resort-fee hotel made via Marriott's website or app by a consumer who listed a California address purchased through the redemption of Bonvoy points. ECF No. 28-1 at 12–13. Marriott also submits the declaration of its Resort and Destination Fee Administrator, Lisa Simpson, who estimates that there were 480 Marriott resorts in the United States that charged resort or destination fees and that the average resort fee charged by these hotels as of the date of the declaration was $34.80. ECF No. 28-1 at 10. Utilizing these calculations, Marriott estimates the amount in controversy to be $9,887,692.27, not including attorney's fees. ECF No. 19 at 5.

Mancinelli argues that these calculations are "entirely unreasonable and unsupported for three primary reasons." ECF No. 40 at 2. First, he argues that "no evidence has been offered of the actual resort fees charged by any property" during the class period. *Id.* But evidence of the fee at each specific property is not required, because use of an average is a "reasonable assumption." *See Mendoza v. OSI Indus., LLC*, No. EDCV221202JGBSPX, 2022 WL 4291327, at *4 (C.D. Cal. Sept. 16, 2022) (approving the use of an average rate of pay); *Mortley v. Express Pipe & Supply Co.*, No. SACV 17-1938-JLS-JDE, 2018 WL 708115, at *3 (C.D. Cal. Feb. 5, 2018) (holding that the "use of average rates of pay is reasonable"); *Alvarez v. Off. Depot, Inc.*, No. CV177220PSGAFMX, 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (same) (collecting authorities).

4

Mancinelli also challenges the lack of perfect overlap between the dates bounding the Marriott data set and the dates of class period. *Id.* at 2–3. Given that the dates are very close, and Marriott's calculates potential liability as being almost twice the CAFA threshold, the Court finds it implausible that this small difference has any material effect. Third, Mancinelli argues that Marriott's declarant "calculated the *arithmetic mean* of the resort fees charged by these 480 hotels, yet there is no evidence supporting the implicit assumption that Class Members' reservations were evenly distributed among these 480 hotels during the Relevant Period." *Id.* at 3 (emphasis added). Again, the Court finds that Marriott's assumptions in making the calculation were reasonable, and rejects this argument. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (noting that a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages" (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

Mancinelli argues that Marriott should be required to determine the actual aggregate resort fees charged for the group of Bonvoy points reservations made during the class period, citing *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). ECF No. 40 at 4. *Perez* is not helpful to Mancinelli. There, the plaintiff's complaint alleged that the defendant employer had violated the wage and hour laws "at times" and "throughout the statutory period," but did not provide specifics. 131 F.4th at 806. In its notice of removal, the defendant construed this language in making assumptions about the amount in controversy. *Id.* at 806–07. The district court sua sponte issued an order to show cause why the case should not be remanded, and ultimately did remand it, finding that the defendant "was required to produce *evidence* supporting its amount-in-controversy estimate." *Id.* at 807 (emphasis in original). The Ninth Circuit vacated the remand order, rejecting precisely the kind of "demanding evidentiary burden" that Mancinelli contends is required here. *Id.* at. 806. The appellate court reiterated that a removing defendant "is permitted to rely on 'a chain of reasoning that includes assumptions' to calculate the amount in controversy," and clarified that "while 'those assumptions cannot be pulled from thin air,' they can be 'founded on the allegations of the complaint' and do not necessarily need to be supported by evidence." *Id.* (citation modified).

The Court finds no reason here to challenge Marriott's assumptions or its conclusion regarding the amount in controversy. Accordingly, the Court finds that Marriott has established by a preponderance of the evidence that the amount in controversy exceeds the $5,000,000 threshold for CAFA jurisdiction.

"Once [the defendant] has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (alteration in original) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir.2008). Mancinelli argues that if the actual average resort fee paid was $17, the amount in controversy would be only $4,896,323, ECF No. 40 at 6 n.4—but there is no evidence that *was* the average resort fee, although Plaintiff's counsel was able to identify some hotels that currently charge $11 or $12 in resort fees. ECF No. 40 at 6. In any event, "[a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount.'" *Arias*, 936 F.3d at 927. And Mancinelli makes no argument that it would be legally impossible for Plaintiffs to recover $5,000,000.[1]

## CONCLUSION

For the foregoing reasons, the Court denies Mancinelli's motion to remand.

**IT IS SO ORDERED.**

Dated: April 15, 2026

_____
JON S. TIGAR
United States District Judge

---

[1] In light of this conclusion, the Court need not reach the parties' arguments concerning diversity jurisdiction.

United States District Court
Northern District of California